PearsoN, J.
 

 In November, 1847, the defendant, Lee, sold to the other defendant, Crawley, the land mentioned in the pleadings, for $650 : and Lee executed to Crawley a deed of bargain and sale for the land, taking from Crawley two notes for $325 each — one payable on the 25th December, 1847 — the other on the 25th December, 1848, to secure the purchase money. Under this deed, which
 
 has not been
 
 registered, Crawley went into possession, and rented out the land for the years 1848 and 1849.
 

 On the 7th of May, 1849, Crawley handed back the deed to Lee with the following
 
 endorsement:
 
 — “ Know all men by these “ presents, that I, M. S. Crawley, have, this 7th of May, 1849,
 
 “
 
 conveyed, and do by these presents relinquish the within deed
 
 “
 
 to John Lee, to him and his heirs forever.
 

 “ Witness — Ezra Lee. (Signed) M. S. Crawley.”
 

 Crawley was very much indebted, and on the same day executed a deed of trust, by which all of his other property was conveyed to secure certain creditors. On the 8th of May, 1849, several judgments were taken against Crawley by creditors not secured, before a single justice; and executions issued and were levied on the land, and returned to May Term of Halifax County Court. Regular proceedings were thereupon had, and the plaintiff became the purchaser of the land, and took the sheriff’s deed therefor.
 

 The plaintiff alleges, that before the executions were levied, the defendant, Crawley, being utterly insolvent, combined with the other defendant, who is his father-in-law, to defraud his creditors, and particularly the creditors who were about to have their executions levied-on the land, and fraudulently surrendered to the defendant Lee the deed of bargain and sale, (which had not been registered,) who took and now conceals it, and will not produce it in order that it may be registered. The prayer is, that the
 
 *45
 
 deed, if in existence, may be produced, in order to have it registered ; and if it lias been deslroyed, that the defendants be decreed to convey to the plaintiff, and for an account of the profits.
 

 The defendants aver that Crawley, finding himself unable to pay all of his debts, and not having paid either of the notes given to secure the purchase money for the land, it was agreed between, him and the other defendant, Lee, that if Lee would give up to him the said notes, he would convey the land back to Lee ; and in pursuance of this agreement, before the land was levied on, to wit, on the 7th of May, Lee did hand back to Crawley the two notes aforesaid, as a consideration for the reconveyance of the land; and Crawley handed back to Lee the deed of bargain and sale, with the endorsement above set out, supposing that as the deed had not been registered, that would be effectual to revest the title ; and they produce the deed, with the endorsement thereon.
 

 It is established by the proofs, that nothing had been paid on either of the notes, and that Lee handed them back to Crawley on the same day that Crawley handed back to him the deed— which was on the day before the levies Avere made; and of this the plantiff had express notice before he purchased.
 

 We agree with Mr. Moore, that a deed of bargain and sale operates to raise the use, and the legal title is passed by the Statute of Uses the instant the deed is delivered; so that registration is not necessary in order to pass the title, but is only required to make the deed competent as evidence.
 

 We agree with him also, that the fact of handing back the deed before registration does not revest the title; and that the endorsements made on it in this instance, did not have the effect of a re-conveyance.
 

 So, in this Court, the plantiff stands in the same plight and condition, as if the deed had been registered; and the only effect of its not being registered is to give the plantiff a right to come into this Court. The question then is, have the defendants an equity? Would the defendant Lee be entitled, in this Court, to call on the plantiff for a conveyance, suppossing he had obtained the legal title by the sheriff’s deed?
 

 A purchaser at sheriff’s sale, takes subject to all the equities that the estate tvas liable to, in the hands of the debtor; for he takes on
 
 *46
 
 ly that which the debtor has a right to sell : therefore, the plaintiff, is subject to any equity that Lee had against Crawley the debtor.
 

 The allegation of fraud, the ground upon which the bill rests, is put out of the case by the proofs. There is no doubt that Crawley had never paid one cent of the purchase money, and surely there could be no fraud in his agreeing,
 
 before there was a levy,
 
 to let Lee have back the land in satisfaction of the debt due as the price of the land. As he was about to fail, common honesty required him to do it. An interesting question is here suggested: A debtor, before any creditor obtains a lien, makes a parol agreement to convey land in satisfaction of a debt; before the conveyance is executed, another creditor obtains a lien, and the land is sold by the sheriff; the agreement was
 
 bona fide
 
 — the debtor admits it, and refuses to take advantage of die Statute of Frauds — can the purchaser at sheriff’s sale do so ? We pass by this question. We also pass by the question, whether the endorsement on the deed, although not effectual as a conveyance, is not a note or memorandum of the agreement, signed by the party to be charged therewith, sufficient to satisfy the Statute of Frauds;— and put the equity of the defendant, Lee, on the broad ground, that he executed his part of the agreement by giving up to Craw-ley the two notes, and Crawley attempted to execute his part and to reconvey the land, but in consequence of mistake or ignorance in the draftsman, the means used did not cany the intention into effect. Here is a plain ground of relief, not by the specific performance of an executory contract, but by relieving against a mistake in the execution of a contract. This equity would be good against Crawley, and is, therefore, good against the plantiff who stands in his shoes. The bill must be dismissed, with costs.
 

 Peii Curiam. Bill dismissed.